OPINION
{¶ 1} Defendant-appellant Federal Insurance Company appeals from the January 21, 2003, Judgment Entry of the Stark County Court of Common Pleas. Defendant-appellant American and Foreign Insurance Company has filed a Cross-Appeal.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 10, 1999, appellee John Madden was injured in a motorcycle/automobile accident. At the time of the accident, appellee Madden was operating a 1984 Harley Davidson motorcycle titled in his wife Kimberly Madden's name. On or about June 14, 2001, appellee John Madden and his wife settled with Rachel K. Booth, the tortfeasor, for the amount of $12,500.00.
 {¶ 3} As of the date of the accident, appellee John Madden was employed by the Timken Company. The Timken Company is the named insured under three policies of insurance. The first policy is a commercial auto policy issued by appellant American and Foreign Insurance Company (hereinafter "AFIC") which provides coverage in the amount of $5 million. The second policy is a commercial general liability (hereinafter "CGL") policy issued by appellant AFIC which provides liability coverage in the amount of $5 million. The last policy is an excess/umbrella policy issued to the Timken Company by appellant Federal Insurance Company which provides coverage in the amount of $50 million.
 {¶ 4} On August 20, 2001, appellees John Madden and Kimberly Madden filed a complaint for declaratory judgment against appellant AFIC and appellant Federal Insurance Company, among others, seeking underinsured (UIM) coverage pursuant to Scott-Pontzer v. Liberty Mut. Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116. Subsequently, the parties filed Motions for Summary Judgment.
 {¶ 5} As memorialized in a Judgment Entry filed on January 21, 2003, the trial court held that appellees were entitled to UIM coverage under the CGL and commercial auto policies issued by appellant AFIC to the Timken Company. The trial court further held that appellees were entitled to UIM coverage under Federal umbrella/excess policy issued to the Timken Company. The trial court, in its entry, held that because appellee John Madden "is insured under the commercial automobile and liability policies, the Follow Form policy must provide excess coverage to him as well." The trial court further held that appellant Federal's "obligation to provide UM/UIM coverage applies only after AFIC is obligated to pay the full amount of its $5 million underlying limits of insurance coverage."
 {¶ 6} It is from the trial court's January 21, 2003, Judgment Entry that appellant Federal now appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court erred in finding that Plaintiffs are entitled to underinsured Motorist Coverage under Federal's Commercial Umbrella Policy No. 7973-29-18 issued to the Timken Company because they are not entitled to such coverage under Afic's Primary Policies.
 {¶ 8} "II. The trial court erred in holding that the Non-State Specific Uninsured Motorist endorsement applied to Plaintiffs' UM/UIM claims when Timken Expressly Rejected such Coverage and the Policy clearly provides that there is no Ohio UM/UIM Coverage.
 {¶ 9} "III. The Trial Court erred in holding that Timken's Rejections of UM/UIM coverage under its business Auto and Umbrella Policy are invalid.
 {¶ 10} "IV. The Trial Court erred in holding that Plaintiffs Qualify as `Insureds entitled to UM/UIM coverage under Afic's Primary Business Auto and CGL Policies and under Federal's Commercial Umbrella Policy.
 {¶ 11} "V. The Trial Court erred in holding that Plaintiff's Qualify as `Insureds' entitled to UM/UIM Coverage in spite of Plaintiffs' late notice of their Claim/Accident and their failure to preserve subrogation rights in violation of the terms and conditions of policy coverage.
 {¶ 12} "VI. The Trial court erred in referring Plaintiffs-Appellees' claims to arbitration.
 {¶ 13} "VII. The Trial court erred in holding that the undisputed evidence established that madden's accident was caused by the negligence of Rachel K. Booth.
 {¶ 14} "VIII. The Trial court erred in failing to issue an order specifically declaring that Federal's Commercial Umbrella Policy is excess of the limits of underlying Insurance, including any Self-Insurance/Deductible Applicable to the scheduled underlying Insurance of Afic."
 {¶ 15} Appellant AFIC raises the following assignments of error on Cross-Appeal:
 {¶ 16} "I. The Trial Court erred in denying Afic's motion for summary judgment relative to its Commercial Automobile and CGL Policies issued to the Timken Compnay.
 {¶ 17} "II. The Trial Court erred in holding that Afic's Policies were three year policies instead of one year Policies.
 {¶ 18} "III. The Trial Court erred by denying Afic's motion for summary judgment insofar as it held that Afic's CGL Policy is a "Motor Vehicle Liability" policy subject to R.C. Sec. 3937.18.
 {¶ 19} "IV. The Trial court erred by holding that John Madden and Kimberly Madden are insureds for any UM/UIM coverage implied by operation of law into Afic's CGL Policy.
 {¶ 20} "V. The Trial Court erred by holding that the UM/UIM Rejection form whereby the Timken Company rejected UM/UIM Coverage under Afic's Commercial Automobile Liability Policy at issue was invalid.
 {¶ 21} "VI. The Trial Court erred in holding that Plaintffs were Insureds under Afic's Business Automobile Policy.
 {¶ 22} "VII. The Trial Court erred by failing to recognize that Afic is entitled to a declaration that timken is Self-Insured in the practical sense and the Auto and CGL Policies are not subject to R.C. Sec. 3937.18.
 {¶ 23} "VIII. The Trial Court erred by failing to recognize that Afic is entitled to a declaration that Plaintiss-Appellee is subject to the $1.5 milion dollar deductibles set forth in Afic's CGL and Commercia Automobile Policies issued to the Timken Company."
 STANDARD OF REVIEW {¶ 24} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 25} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 26} It is based upon this standard that we review the assignments of error.
 I {¶ 27} Appellant Federal Insurance, in its first assignment of error, argues that the trial court erred in holding that appellees John Madden and Kimberly Madden are entitled to UIM coverage under the commercial umbrella policy that appellant Federal Insurance issued to the Timken Company. We agree.
 {¶ 28} In the case sub-judice, appellee John Madden was injured while operating a motorcycle titled in his wife's name on personal business. The Ohio Supreme Court, in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256 recently held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. See also In re Uninsured and Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 29} Appellee John Madden did not sustain an injury in the course and scope of his employment. Therefore, assuming, arguendo, that the umbrella policy provided UM/UIM coverage to the Timken Company by operation of law or otherwise, neither appellees would be an insured thereunder since there is no language in the umbrella policy to be contrary.
 {¶ 30} Appellant's first assignment of error is, therefore, sustained.
 II, III, IV, V, VI, VII, VIII {¶ 31} Based on our disposition of the first assignment of error, appellant's remaining assignments of error are moot.
 CROSS-APPEAL {¶ 32} Cross-appellee AFIC, in its Cross-Appeal, raises the same assignments of error as it raised in its direct appeal in Madden v.Fidelity and Guaranty Insurance Underwriters, Stark Case No. 2003CA00077.
 {¶ 33} For the reasons set forth in our decision in Madden v.Fidelity and Guaranty Insurance Underwriters, Inc., Stark App. No. 2003CA00077, the first, fourth and sixth assignments of error on cross-appeal are sustained and the remaining assignments of error are moot.
 {¶ 34} Accordingly, for the foregoing reasons, the judgment of the Stark County Court of Common Pleas is reversed and judgment shall be entered in favor of appellant Federal Insurance Company on its Motion for Summary Judgment regarding its commercial umbrella policy issued to the Timken Company.
Edwards, J., Gwin, P.J. and Boggins, J. concur.